http://www.va.gov/vetapp16/Files5/1639910.txt

Citation Nr: 1639910 
Decision Date: 09/30/16 Archive Date: 10/13/16

DOCKET NO. 07-20 735A ) DATE
 )
 )

On appeal from the
Department of Veterans Affairs Regional Office in Pittsburgh, Pennsylvania

THE ISSUES

1. Entitlement to service connection for kidney tumors, to include left renal oncocytoma and right renal cell carcinoma. 

2. Entitlement to service connection for a bladder tumor.

WITNESSES AT HEARING ON APPEAL

Veteran, spouse, and son

ATTORNEY FOR THE BOARD

Journet Shaw, Associate Counsel

INTRODUCTION

The Veteran served on active duty in the U.S. Air Force from July 1968 to July 1972. Among other awards, the Veteran received the Purple Heart Medal and Vietnam Service Medal. 

This matter initially came before the Board of Veterans' Appeals (Board) on appeal from a September 2006 rating decision by the Department of Veterans Affairs (VA) Regional Office (RO) in Huntington, West Virginia, which, in pertinent part, denied service connection for a benign bladder tumor. 

In March 2008, a hearing was held before a Decision Review Officer (DRO) at the RO in Pittsburgh, Pennsylvania. In December 2008, the RO denied service connection for a left renal oncocytoma, claimed as kidney cancer.

In March 2009, a Travel Board hearing was held before the undersigned Veterans Law Judge (VLJ). In July 2009, the Board, in pertinent part, remanded the issue of entitlement to service connection for a kidney tumor. 

In May 2010, the Veteran's then-attorney requested reconsideration of the July 2009 Board decision and asserted that the decision failed to address the perfected issue of service connection for a bladder tumor. In April 2011, the Board issued a supplemental decision remanding service connection for a bladder tumor. At that time, the Board, in pertinent part, indicated that the issue of service connection for a kidney tumor remained on appeal. 

In August 2012, the RO issued a supplemental statement of the case (SSOC) addressing service connection for a bladder tumor, kidney tumor and/or left renal oncocytoma. The RO found that the December 2008 decision was inextricably intertwined with the issue already placed on appeal and remanded by the Board. It further noted that the same disability has been variously considered as a bladder tumor, a kidney tumor, and a left renal oncocytoma. 

In August 2013, the RO stated that the Board prematurely took jurisdiction of the kidney issue and furnished a statement of the case addressing service connection for left renal oncocytoma, claimed as kidney cancer. 

The Board acknowledges that the bladder and kidneys are both part of the genitourinary system. See 38 C.F.R. § 4.115b (2016). Notwithstanding, they are separate organs and on review, the Veteran has perfected appeals as to service connection for both a bladder tumor and for a kidney tumor. Accordingly, the issues will be separately considered. The kidney tumor issue has been phrased to include the diagnoses pertaining to each kidney (left renal oncocytoma and right renal cell carcinoma) and the Veteran is not prejudiced by this action. See Bernard v. Brown, 4 Vet. App. 384 (1993). 

In May 2015, a Central Office hearing was held before the undersigned VLJ. At that time, additional evidence was submitted with a waiver of RO jurisdiction. 

In November 2015, the Board, in pertinent part, denied service connection for kidney tumors, to include left renal oncocytoma and right renal cell carcinoma, and remanded the issue of entitlement to service connection for a bladder tumor. The Veteran appealed the Board's decision to the U.S. Court of Appeals for Veterans Claims (Court).

A June 2016 Court Order granted the parties Joint Motion for Partial Remand, which vacated and remanded that part of the November 2015 Board decision that denied the Veteran's claim of entitlement to service connection for kidney tumors, to include left renal oncocytoma and right renal cell carcinoma. As the issue of entitlement to service connection for a bladder tumor had been remanded by the Board that issue was not before the Court for review. In an August 2016 SSOC, the RO denied service connection for a bladder tumor. 

FINDING OF FACT

In August 2016, the Veteran notified the Board of his intention to withdraw his claims for service connection for kidney tumors, to include left renal oncocytoma and right renal cell carcinoma, and a bladder tumor. 

CONCLUSION OF LAW

The criteria for withdrawal of a Substantive Appeal by the Veteran with respect to issues of service connection for kidney tumors, to include left renal oncocytoma and right renal cell carcinoma, and a bladder tumor have been met. 38 U.S.C.A. § 7105 (b)(2), (d)(5) (West 2014); 38 C.F.R. §§ 20.202, 20.204 (2016).

REASONS AND BASES FOR FINDING AND CONCLUSION

A Substantive Appeal may be withdrawn in writing at any time before the Board promulgates a decision. 38 C.F.R. § 20.202 (2015). Withdrawal may be made by the appellant or by his or her authorized representative. 38 C.F.R. § 20.204 (2016). 

In August 2016 statements, the Veteran notified the Board of his desire to withdraw his appeal for service connection for kidney tumors, to include left renal oncocytoma and right renal cell carcinoma, and a bladder tumor. Hence, there remain no allegations of errors of fact or law for appellate consideration with respect to these issues and they must be dismissed.

 (Continued on the next page)

ORDER

The appeal as to service connection for kidney tumors, to include left renal oncocytoma and right renal cell carcinoma, is dismissed.

The appeal as to service connection for a bladder tumor is dismissed. 

____________________________________________
S. L. Kennedy
Veterans Law Judge, Board of Veterans' Appeals

Department of Veterans Affairs